IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESLIE GOOD,

           **Plaintiff,**

                                  Civil Action 2:14-cv-508
     **vs.**                          Judge Smith
                                    Magistrate Judge King

FFCC COLUMBUS, INC.,
d/b/a CHOICE RECOVERY, INC.,

           **Defendant.**

<u>ORDER and REPORT AND RECOMMEDNATION</u>

On December 17, 2015, plaintiff's former counsel was ordered to show cause "why sanctions, including the expenses and attorney fees incurred by defendant in connection with the December 17, 2015 status conference, should not be assessed against them for failure to comply with the Court's December 9, 2015 *Order*, ECF No. 47." *Order*, ECF No. 49. Plaintiff, who is now proceeding without the assistance of counsel, was also ordered to provide "a written statement of her intention to pursue this litigation.  Plaintiff's failure to do so will result in the dismissal of the action for failure to prosecute." *Id.*

In response, plaintiff's former counsel acknowledges that they failed, through oversight on their part, to comply with the Court's December 9, 2015 *Order*, and recognize that their failure resulted in "inconvenience and trouble" for defendant's counsel. *Plaintiff's Response to the Court's Order to Show Cause*, ECF No. 50. Under these circumstances, the Court concludes that sanctions, in the form of

1

payment of defendant's attorney fees incurred in connection with their counsel's attendance at the December 17, 2015 conference, should be awarded. Defendant shall provide to plaintiff's former counsel a statement of those fees.  If any party wants a hearing in connection with those fees, that party shall ask that a hearing be scheduled.

As noted, plaintiff was ordered to provide a written statement of her intention to pursue this litigation, and was warned that her failure to do so would result in the dismissal of her claims. Plaintiff has nevertheless failed to provide that statement and it therefore appears that she has abandoned the prosecution of this case.

It is therefore **RECOMMENDED** that this action be dismissed for failure to prosecute.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations

constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

January 26, 2016                    *s/Norah McCann King*
                                    Norah Mᶜcann King
                          United States Magistrate Judge